UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CALPINE CONSTRUCTION                )
MANAGEMENT CORPORATION, INC.,        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. 05-CV-0383-TCK-FHM
                                     )
GASTECH ENGINEERING                  )
CORPORATION,                         )
                                     )
            Defendant.               )

## OPINION AND ORDER

Now before the court is the Plaintiff's Motion for Summary Judgment and Brief in Support

(Dkt. # 22) filed by Calpine Construction Management Company, Inc. ("Calpine"). Calpine brought

this action on July 7, 2005, alleging breach of contract and, in the alternative, unjust enrichment.

Specifically, Calpine alleges that defendant GasTech Engineering Corporation ("GasTech") failed

to deliver two "Bath Heaters" despite payment by Calpine and failed to return payments made by

Calpine towards the design, engineering, and manufacture of the subject Bath Heaters. Calpine also

asserts that it was forced to cover by purchasing a substitute bath heater at a higher price. GasTech

disputes that Calpine made full payment for the Bath Heaters per the parties' contractual agreements.

## I.    Facts

A "Bath Heater" is a large cylindrical water heater that indirectly heats natural gas for use

in the production of energy, and is a critical component to an energy plant's operation.  On

September 7, 2004, GasTech offered to design, manufacture and deliver a second Bath Heater for

Alpine's Fox Energy facility located in Kaukauna, Wisconsin (the "Fox Energy Change Order").

On November 11, 2004, Calpine issued a purchase order accepting the Fox Energy Change Order.

Pursuant to the terms of that change order, Calpine claims that it made "milestone" payments in the

amount of $105,933.00 during the design and manufacture stages of the Bath Heater construction, but that GasTech failed to deliver as promised.  GasTech has submitted evidence showing that Calpine paid the first and third milestone payments, but not the second payment of $52,966.50. GasTech admits that it did not deliver the Bath Heater, but it claims that Calpine's failure to perform prevented GasTech from performing.

On October 26, 2004, Calpine issued a similar purchase order for the design, manufacture and delivery of a Bath Heater to Calpine's Riverside Energy Center located in Beloit, Wisconsin. On November 4, 2004, GasTech accepted the Riverside Purchase Order and agreed to deliver the Bath Heater on February 23, 2005.  Calpine claims that it made milestone payments totaling $31,507.95 during the design and manufacture stages of the Bath Heater construction, but that GasTech failed to deliver.  GasTech has submitted evidence indicating that plaintiff paid the first scheduled milestone, but not the second or third payments for $52,513.25 each, or $105,026.50 total. Again, GasTech admits that it did not deliver, but it claims that Calpine's nonpayment prevented it from performing.

Calpine further claims that, because GasTech breached the Riverside Purchase Order, it was forced to purchase a substitute Bath Heater at a cost of $63,947.00 more than the Riverside Purchase Order contract price.  GasTech disputes this fact, due to Calpine's alleged failure to pay.  GasTech also argues that Calpine could have mitigated its alleged damages by utilizing the work and materials provided by GasTech to Calpine before Calpine breached the Riverside Purchase Order by failing to pay.  GasTech also disputes Calpine's assertion that Calpine received no benefit from GasTech despite paying GasTech $137,440.95 in the form of milestone payments under both

2

contracts collectively.  GasTech contends that Calpine received the benefit of the work completed by Gastech for each of the first three milestones for the Bath Heaters under both contracts.

## II.    Standard of Review

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the burden of showing that no genuine issue of material fact exists.  *E.g., Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006) (citation omitted).  If there is no genuine issue of material fact, the Court determines whether the substantive law was correctly applied by the district court.  *Id.* (citation omitted).  The Court resolves all factual disputes and draw all reasonable inferences in favor of the non-moving party.  *Id.* (citation omitted).  However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 250.

3

### III.    Discussion

The Court finds that the evidence submitted by GasTech is clearly sufficient to demonstrate the existence of a genuine issue of material fact regarding the parties' performance of the contracts as well as GasTech's affirmative defenses.[1]  To prevail on a claim for breach of contract under Oklahoma law, a plaintiff must prove (1) formation of a contract; (2) breach of the contract by defendant; and (3) damages as a result of the defendant's breach.  *E.g., Digital Design Group, Inc. v. Information Builders, Inc.*, 2001 OK 21  ¶ 33, 24 P.3d 834, 843 (citation omitted).  However, "[w]hen one party to a contract acts in a manner which prevents performance by the adverse party, such party waives his right to require the adverse party to perform."  *King v. Board of Regents, Claremore Junior College*, 1975 OK 139, 541 P.2d 836, 841 (citation omitted).  GasTech argues that Calpine waived its right to seek recovery from GasTech when Calpine failed to make milestone payments and thus prevented performance by GasTech.[2]

Calpine's alternative argument is that GasTech was unjustly enriched by Calpine's milestone payments in the amount of $137,440.95.  "Unjust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable; i.e. the party has money in its hands that, in equity and good conscience, it should not be allowed to retain."  *Harvell v. Goodyear Tire & Rubber Co*,  2006 OK 24, ¶ 18, ___ P.2d ___, 2006 WL 1073067, No. 102,128 (Okla. April 25, 2006) (citation omitted).  However, GasTech has not argued that either or both of

---

[1]Notably, Calpine filed no reply to GasTech's response to the motion for summary judgment.

[2] GasTech also contends that Calpine is not entitled to the full amount it claims as its "cover" damages, *see* Okla. Stat. tit. 12A, § 2-712, and that Calpine failed to mitigate its damages.  The Court need not reach these issues at this stage of the proceedings, given the dispute as to liability.

the agreements fail to constitute valid and enforceable contracts. "Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment." *Id.* Here that remedy is contractual. In any event, GasTech argues that Calpine received the benefit of each milestone completed by GasTech, *i.e.*, the engineering, design and drawings which were required to manufacture the Bath Heaters, the shell materials, and the rolled and welded shell cylinders.[3] GasTech has shown that there is a genuine issue of material fact as to Calpine's claim of unjust enrichment. Accordingly, Calpine is not entitled to judgment as a matter law.

## IV. Conclusion

IT IS THEREFORE ORDERED that the Motion for Summary Judgment (Dkt. # 22) is hereby **denied**.

Dated this 13th day of October, 2006.

*Terence C Kern*

TERENCE C KERN
United States District Judge

---

[3]GasTech also argues that Calpine cannot seek equitable relief while coming into the court with 'unclean hands," *see, e.g., Mortgage Electronic Registration Systems, Inc. v. United States ex re. Internal Revenue Service*, 2006 OK CIV APP 45, ¶ 19, 134 P.3d 913, 917, because Calpine did not seek to mitigate damages and instead exacerbated the damages by not using the benefits received as a result of Gastech's work. Again, the Court need not address this argument at this stage of the proceedings because (1) there is an adequate remedy at law, and (2) a genuine issue of material fact exists as to whether GasTech was unjustly enriched.